# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 31, 2011

No. 10-40730
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS CARLOS CONTRERAS-MARTINEZ, also known as Carlos,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CR-209-1

Before KING, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:*

Jesus Carlos Contreras-Martinez (Contreras) appeals the sentence imposed following his guilty plea conviction for conspiracy to transport unlawful aliens. Contreras argues that the district court erred by imposing a four-level enhancement under U.S.S.G. § 3B1.1(a) based on the finding that he was an organizer or leader of the offense. He contends that he merely rented the house where the aliens were kept and possessed some ledgers regarding the aliens.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Contreras asserts that the Government conceded that another person, Arturo Apac, was the leader of the organization.

Section 3B1.1(a) authorizes a four-level increase in a defendant's offense level "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." We review the district court's determination that Contreras was an organizer or leader of the offense for clear error. *See United States v. Cabrera*, 288 F.3d 163, 173 (5th Cir. 2002). There may be more than one leader or organizer in a criminal organization or conspiracy. *United States v. Cooper*, 274 F.3d 230, 247 (5th Cir. 2001). Thus, even if Apac was a leader, this does not preclude a finding that Contreras also was a leader or organizer of the criminal activity.

Although Contreras argued before the district court that the Government had not proven that there were five or more participants in the offense, he has waived this issue on appeal by failing to brief it. *See United States v. Whitfield*, 590 F.3d 325, 346-47 (5th Cir. 2009), *cert. denied*, 131 S. Ct. 136 (2010). Even assuming, arguendo, that he had raised this issue, it is without merit because Contreras employed three to four other people in operating the stash house. Because he and Apac also were participants in the criminal activity, it involved five or more members. *See Cooper*, 274 F.3d at 247 (holding the defendant may be one of the five participants in the offense).

Contreras admitted to renting and controlling the stash house, as well as being paid $50 per person to provide shelter, transportation, and food for the illegal aliens. The investigation revealed that he not only had his own alien smuggling operation, but that he also housed aliens for other smuggling operations and had been observed transporting aliens. Additionally, ledgers and other evidence containing the names of smuggled aliens and directions for making payments were found in Contreras's possession. Contreras has not disputed any of this information. Because the record evidence is sufficient to show that he ran the stash house and recruited others to help him do so, he was

No. 10-40730

paid to house the aliens, he transported aliens, and he was involved in obtaining the payments for the alien smuggling, the district court did not clearly err in applying the organizer or leader enhancement. *See Cabrera*, 288 F.3d at 174-75 (holding that there was adequate evidence to support leadership enhancement where defendants supplied children for an alien smuggling operation and they recruited accomplices and organized others to carry out the crime).

AFFIRMED.